**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6179**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

DONALD SNYDER,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-hc-02125-BR)

Submitted:  September 22, 2010        Decided:  October 15, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce, Assistant Federal Public Defender, Diana H. Pereria, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Eugene Snyder appeals the district court's order finding that he continues to satisfy the criteria for commitment set forth at 18 U.S.C. § 4246 (2006) and continuing his commitment to the custody of the Attorney General. We affirm.

At a hearing, Dr. Bryon Herbel testified that Snyder suffers from severe schizoaffective disorder, bipolar type. During his hospitalization, Snyder has experienced wide fluctuations in his institutional adjustment. When delusional, Snyder believes himself to be the Holy Spirit or a presidential advisor. Snyder had made threats during past periods of decompensation. A brief period on conditional release was unsuccessful: during his release, Snyder had violated several terms of release and had skirmished with police. Further, even with medication, Snyder is likely to have future episodes of mania and psychosis. Dr. Herbel testified that Snyder's unconditional release would create a substantial risk of bodily harm to others or serious damage to the property of others. Based on this testimony and other evidence of record, including a December 2009 forensic update, the district court found that Snyder satisfied the criteria for continued commitment under § 4246.

After reviewing the record, we conclude that the district court did not clearly err in its determination that Snyder continues to suffer "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(a); United States v. Cox, 931 F.2d 1431, 1433 (4th Cir. 1992) (stating standard of review). We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED